CUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISIAH O. SMITH,

        Petitioner,

v.                                           Case No. 18-cv-666-pp

CHRIS BUESGEN,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 46)**

On November 30, 2021, the court denied the petition, dismissed the case with prejudice and declined to issue a certificate of appealability. Dkt. No. 43. The court entered judgment the same day. Dkt. No. 44. A month later, the petitioner filed a notice of appeal, dkt. no. 45, a motion for leave to appeal without prepaying the filing fee, dkt. no. 46, and a trust account statement, dkt. no. 47.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds that the appellant is indigent and that the appellant filed the appeal in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on

1

the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996).

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The petitioner's affidavit indicates that he received $42.40 while working for the Stanley Correctional Institution, $150 in gifts and $283 in other income over the twelve months prior to filing the petition. Dkt. No. 46-1 at 2. It says that the petitioner expected to receive $150 in gifts and $8 in other income over the next month. Id. It reflects no spousal income. Id. at 3. The affidavit states that the petitioner has $2,327.85 in his regular trust account and $602.61 in his release trust account. Id. These amounts are confirmed by the trust account statements filed by the petitioner. Dkt. No. 47. The affidavit lists other assets as a tablet, a television and a radio, and $72 in total monthly expenses. Dkt. No. 46-1 at 4-5, 8. In his motion, the petitioner states that though he "has sufficient funds in his regular institution account ($2,327.85) to pay the appellate filing fee ($505), payment of the filing fee would be unduly burdensome." Dkt. No. 46 at ¶6. He argues that his regular account balance reflects "all the money that he possesses and has access to spend," and that

the amount "is primarily due to his receipt of approximately $3200 of stimulus funds from the United States government." Id. at ¶¶5-6.

Even if the petitioner has taken his appeal in good faith, the court cannot find that he is indigent. While it may be true that the petitioner's account balance is the result of a government stimulus payment and that he may not receive future payments, at the time he filed the affidavit the petitioner had enough money to pay the filing fee. The court will deny the motion for leave to appeal without prepaying the filing fee. The petitioner must pay the filing fee if he wants to proceed with his appeal.

The court **DENIES** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 46.

Dated in Milwaukee, Wisconsin this 3rd day of March, 2022.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**